FILED
2019 May-17 PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDI HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:19-cv-00554-MHH** |
| **LIBERTY LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# DEFENDANT'S ANSWER TO COMPLAINT

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") answers Plaintiff's Complaint through its undersigned counsel and alleges as follows:

## FOR A FIRST DEFENSE

## PARTIES

1. Regarding the allegations contained in Paragraph 1 of the Complaint, Liberty Life admits that it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy"), which, at certain times, insured benefits from the Wal-Mart Stores, Inc. Long Term Disability Plan (the "Plan"). Liberty Life further admits that, at certain times, Plaintiff was a participant in the Plan. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Regarding the allegations contained in Paragraph 2 of the Complaint, Liberty Life admits that it is a lawfully incorporated company which lawfully conducts insurance business in the State of Alabama. Liberty Life further admits that, at certain times, it was the claims administrator of claims for benefits from the Plan under the Policy. Liberty Life specifically denies it was the Plan Administrator of the Plan and denies all remaining allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Regarding the allegations of Paragraph 3 of the Complaint, Liberty Life admits that the Complaint purports to seek relief under the statutory provisions cited therein. Liberty Life further admits that the Plan and Plaintiff's claim for benefits from the Plan are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)). Liberty Life further admits that the Court has subject matter jurisdiction over Plaintiff's claims in this action and venue is proper in this District. Liberty Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## INTRODUCTION

4. Regarding the allegations contained in Paragraph 4 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. Liberty Life admits only that it was the claim administrator for Plaintiff's claim for benefits from the Plan under the Policy that is the subject of the above-styled action and that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5. Regarding the allegations contained in Paragraph 5 of the Complaint, Liberty Life admits that it issued the Policy to Wal-Mart Stores, Inc. ("Walmart"), which Policy, at certain times, insured benefits under the Plan. Liberty Life further admits that, at certain times, Plaintiff was employed by Walmart and a participant in the Plan. Liberty Life further admits Walmart is the sponsor of the Plan. To the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the Plan, Liberty Life refers to the Policy and the documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Regarding the allegations of Paragraph 6 of the Complaint, Liberty admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life further admits Plaintiff was, at certain times, employed as a Staff Pharmacist for Walmart, and her last day of work for Walmart was on or about April 10, 2016. Liberty Life further admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Regarding the allegations of Paragraph 7 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the

administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Regarding the allegations of Paragraph 8 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations of Paragraph 9 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Regarding the allegations of Paragraph 10 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Regarding the allegations of Paragraph 11 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Regarding the allegations of Paragraph 12 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Regarding the allegations of Paragraph 13 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Regarding the allegations of Paragraph 14 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of

Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Regarding the allegations of Paragraph 15 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Regarding the allegations of Paragraph 16 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Regarding the allegations of Paragraph 17 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the

administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Regarding the allegations of Paragraph 18 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Regarding the allegations of Paragraph 19 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Regarding the allegations of Paragraph 20 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Regarding the allegations of Paragraph 21 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Regarding the allegations of Paragraph 22 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Regarding the allegations of Paragraph 23 of the Complaint, Liberty Life admits that it sent a letter dated December 20, 2016, to Plaintiff, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Regarding the allegations of Paragraph 24 of the Complaint, Liberty Life admits that it sent a letter dated December 20, 2016, to Plaintiff, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Regarding the allegations of Paragraph 25 of the Complaint, Liberty Life admits that it sent a letter dated December 20, 2016, to Plaintiff, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life further admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Regarding the allegations of Paragraph 26 of the Complaint, Liberty Life admits that it sent a letter dated December 20, 2016, to Plaintiff, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Regarding the allegations of Paragraph 27 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Regarding the allegations of Paragraph 28 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of

Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Regarding the allegations of Paragraph 29 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Regarding the allegations of Paragraph 30 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Regarding the allegations of Paragraph 31 of the Complaint, Liberty Life admits that it received a letter from Plaintiff's counsel, dated June 16, 2017, along with additional documentation, appealing the denial of benefits from the

Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Regarding the allegations of Paragraph 32 of the Complaint, Liberty Life admits that it sent a letter dated August 10, 2017, to Plaintiff's counsel, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life further admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Regarding the allegations of Paragraph 33 of the Complaint, Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Regarding the allegations of Paragraph 34 of the Complaint, Liberty Life admits that it sent a letter dated August 10, 2017, to Plaintiff's counsel, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Regarding the allegations of Paragraph 35 of the Complaint, Liberty Life admits that it sent a letter dated August 10, 2017, to Plaintiff's counsel, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Regarding the allegations of Paragraph 36 of the Complaint, Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Regarding the allegations of Paragraph 37 of the Complaint, Liberty Life admits that it received a letter from Plaintiff's counsel, dated June 1, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Regarding the allegations contained in Paragraph 38 of the Complaint, Liberty Life denies these allegations.

39. Regarding the allegations contained in Paragraph 39 of the Complaint, Liberty Life denies these allegations.

40. Regarding the allegations contained in Paragraph 40 of the Complaint, Liberty Life denies these allegations.

41. Regarding the allegations contained in Paragraph 41 of the Complaint, Liberty Life denies these allegations.

42. Regarding the allegations contained in Paragraph 42 of the Complaint, Liberty Life admits only that it was, at certain times, the claims administrator and insurer for benefits from the Plan under the Policy that is the subject of the above-styled action and that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Regarding the allegations of Plaintiff 43 of the Complaint, Liberty Life admits only that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Liberty Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Regarding the allegations of Paragraph 44 of the Complaint, Liberty Life is without sufficient knowledge regarding Plaintiff's "lifestyle" and, therefore, must deny this and all remaining allegations contained in Paragraph 44 of the Complaint.

45. Regarding the allegations of Paragraph 45 of the Complaint, Liberty Life admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Regarding the allegations contained in Paragraph 46 of the Complaint, Liberty Life denies these allegations.

47. Regarding the allegations of Paragraph 47 of the Complaint, Liberty Life admits that it sent a letter dated December 20, 2016, to Plaintiff, and a letter dated August 10, 2017, to Plaintiff's counsel, and Liberty Life refers to the letters themselves as the best evidence of their contents. Liberty Life further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan

under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Regarding the allegations contained in Paragraph 48 of the Complaint, Liberty Life denies these allegations.

49. Regarding the allegations of Paragraph 49 of the Complaint, Liberty Life admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life further admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Regarding the allegations contained in Paragraph 50 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and governed by the terms of the

Policy. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Regarding the allegations contained in Paragraph 51 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Regarding the allegations contained in Paragraph 52 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. Liberty Life admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Regarding the allegations contained in Paragraph 53 of the Complaint, Liberty Life denies these allegations.

54. Regarding the allegations of Paragraph 54 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of

Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Regarding the allegations contained in Paragraph 55 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Regarding the allegations contained in Paragraph 56 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Regarding the allegations contained in Paragraph 57 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Regarding the allegations of Paragraph 58 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life further admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life further admits the Policy contains language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Regarding the allegations of Paragraph 59 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Regarding the allegations contained in Paragraph 60 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required

to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Regarding the allegations of Paragraph 61 of the Complaint, Liberty Life admits documents relating to Plaintiff's job description and own occupation are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Regarding the allegations of Paragraph 62 of the Complaint, Liberty Life admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Regarding the allegations of Paragraph 63 of the Complaint, Liberty Life admits that it received a letter from Plaintiff's counsel, dated June 1, 2018, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Regarding the allegations contained in Paragraph 64 of the Complaint, Liberty Life denies these allegations.

65. Regarding the allegations contained in Paragraph 65 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Regarding the allegations contained in Paragraph 66 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Regarding the allegations contained in Paragraph 67 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Regarding the allegations contained in Paragraph 68 of the Complaint, to the extent this Paragraph contains legal conclusions, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies Plaintiff is

entitled to any remedy or relief against Liberty Life whatsoever. Liberty Life denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Regarding the allegations contained in Paragraph 69 of the Complaint, to the extent that this Paragraph seeks to interpret either the Policy or other documents relevant to the Plan, Liberty Life refers to the Policy and the documents themselves as the best evidence of their contents. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life further admits only that its decisions on Plaintiff's claim for benefits from the Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Liberty Life denies all remaining allegations contained in Paragraph 69 of the Complaint.

**CAUSES OF ACTION**
**COUNT ONE**
**ERISA (Claim for Benefits Owed Under Plan)**

70. Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 69 of the Complaint as though fully set forth in response to Paragraph 70 of the Complaint.

71. Regarding the allegations of Paragraph 71 of the Complaint, Liberty Life admits that Plaintiff was, at certain times, a participant in the Plan and, at certain times, received benefits from the Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Regarding the allegations contained in Paragraph 72 of the Complaint, Liberty Life denies these allegations. No response is required to the "WHEREFORE" Paragraph thereafter, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Liberty Life denies Plaintiff is entitled to any remedy or relief against Liberty Life whatsoever.

Unless specifically admitted herein, Liberty Life denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

73. To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to LTD benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**FOR A THIRD DEFENSE**

74. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A FOURTH DEFENSE**

75. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FIFTH DEFENSE**

76. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the documents governing the long-term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A SIXTH DEFENSE**

77. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SEVENTH DEFENSE**

78. Based on the appropriateness of the denial and the lack of any improper conduct by Liberty Life, Liberty Life requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR AN EIGHTH DEFENSE**

79. Plaintiff's claim against Liberty Life is barred because Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR A NINTH DEFENSE**

80. Liberty Life reserves the right to assert additional defenses.

WHEREFORE, Liberty Life prays that the Court: dismiss Plaintiff's Complaint with prejudice; enter a take-nothing judgment on Plaintiff's claims against Liberty Life; award Liberty Life its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and award to Liberty Life such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ *Matthew W. Robinett*

**MATTHEW W. ROBINETT**
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

AND

**IWANA RADEMAEKERS**
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of May 2019, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Peter H. Burke (ASB-1992-K74P)
Email: pburke@burkeharvey.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers